# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| Chante Lambson, ) | |
| ) | |
| Plaintiff, ) | **COMPLAINT** |
| ) | |
| v. ) | **CIVIL ACTION NO.** |
| ) | |
| Franklin Collection Service, Inc., a corporation, ) | **JURY TRIAL DEMANDED** |
| and Tateaka Ivy, an individual, ) | |
| ) | |
| Defendants. ) | |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") in their illegal efforts to collect a consumer debt. The Plaintiff also seeks compensatory and punitive damages for the Defendants' violations of Alabama's common laws set forth herein.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff, Chante Lambson, is a natural person who resides in the City of Huntsville, County of Madison, State of Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Franklin Collection Service, Inc., (hereinafter "Franklin") is a collection agency operating from an address of 2978 West Jackson, Tupelo, Mississippi 38803. Franklin Collection Service, Inc. may be served with process through its registered agent for service of process, CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, Alabama 36104. In all respects and at all times relevant herein, Franklin Collection Service, Inc. was doing business in the State of Alabama. Franklin Collection Service, Inc. is engaged in the business of collecting consumer debts from consumers residing in Alabama and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Tateaka Ivy (hereinafter "Ivy") is a natural person employed by Defendant Franklin Collection Service, Inc. as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). The Plaintiff will specifically amend her complaint if and when the Defendant identified as Tateaka Ivy provides different information if the Defendant's name, Tateaka Ivy, is incorrect.

## FACTUAL ALLEGATIONS

7. On December 4, 2013, the Plaintiff, unprovoked and without warning, was viciously attacked in Huntsville, Alabama. She was admitted to Huntsville Hospital after the attack. The Plaintiff pressed criminal charges against her

attacker. In the meantime, the Plaintiff received a bill from Huntsville Hospital for several thousands of dollars for the medical treatment.

8. On or about May 6, 2014, the Plaintiff received a letter from Defendant Franklin Collection Services, Inc.  As part of this letter, the Defendant instructed the Plaintiff to "contact your attorney regarding our potential remedies" and also to "be sure to include your FCSI case number." See Exhibit A.

9. Approximately nine days later, on or about May 15, 2014, the Plaintiff received another letter from Defendant Franklin telling her to "contact your attorney regarding our potential remedies, and your defenses" and that "***it will be pursued to a conclusion!***" This letter also told the Plaintiff to "be sure to include your FCSI case number." See Exhibit B.

10. Frightened and upset, the Plaintiff did not know what to do. On or about June 6, 2014, the Plaintiff called Defendant Franklin to speak with someone about what was going on and all she received was a busy tone so she decided to send an email. Upon sending the email, she received a response on June 11, 2014, from Defendant Franklin's employee, Tekesha Dunlap. The Plaintiff gave the information to Ms. Dunlap on June 11, 2014 with regard to how the attacker was ordered to pay the Plaintiff so that she could pay this debt that was incurred through no fault of her own. See Exhibit C.

11. The Plaintiff then followed up with another phone call to Defendant Franklin on or about June 20, 2014 and spoke with Defendant Franklin's employee, Kaylee, and she specifically asked her about interest that was being charged on the bill. Kaylee told the Plaintiff that no interest was applied to the bill.

12. The Plaintiff then called on a subsequent occasion and spoke with one of Defendant Franklin's employees and specifically told them that she was going to make payments and the Defendant's employee told her that she would put a note in the system of what was going on.

13. Every time that she has had phone contact with Defendant Franklin, the Plaintiff has had a witness present for these phone conversations. It has been her position since this debt was incurred, that her attacker should be responsible for the bill.

14. On or about July 25, 2014, the Plaintiff received another letter at her home address from Defendant Franklin.  See Exhibit D.

15. Defendant Franklin had the Plaintiff's home address, e-mail address, and phone number at all times during these communications. The Plaintiff never moved, there was no return mail sent back to the Defendant, the Plaintiff did not change her phone number and she was in communication with the Defendant.

16. Unfortunately, the Plaintiff was not able to make the payments to Defendant that she intended to make because her attacker failed to make the payments due to Plaintiff.

17. On or about October 14, 2014, Defendant Franklin, through its employee, Defendant Tateaka Ivy, called the Plaintiff's employer and asked the person who answered the phone if the Plaintiff worked there.  Later that same day, Defendants Franklin and Ivy faxed to the Plaintiff's employer an employment verification request.  The fax stated that it was from Defendant Ivy, signed "Tateaka Ivy (24524572)," and it stated "Verification of employment for…Chante Lambson, SS#: XXX-XX-1981." The faxed request asked the Plaintiff's employer to "please verify the above-mentioned as a Full-Time employee. If so please provide the following information…" and it asked for the employer's address. It also asked for the verification to be sent back to Defendant Ivy.  See Exhibit E.

18. The Defendants had no legal reason or basis to contact the Plaintiff's employer other than for the intimidation and scare tactics that it employs. The Defendants already had the home address and phone number of the Plaintiff. On information and belief, the Defendants used this intimidation and scare tactic to force the Plaintiff's employer to have a discussion with the Plaintiff about the debt. There is no basis in law for this illegal action by the Defendants.  Furthermore, Defendants' actions disclosed to a third party, Plaintiff's employer, that Plaintiff owed a debt to Defendant Franklin.

19. The conduct of Defendants Franklin and Ivy in harassing Plaintiff Chante Lambson in an effort to collect this debt was a violation of numerous and multiple provisions

of the FDCPA, including but not limited to 15 U.S.C. § 1692(c)(b), 1692(d), 1692d(5), 1692(e), 1692e(2), 1692e(10), and 1692f(1) amongst others.

*Summary*

20. Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions.

**TRIAL BY JURY**

21. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P.38.

**CAUSES OF ACTION**

**COUNT I.**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §1692 et seq.**

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §1692 et seq.

24. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is therefore entitled to actual damages pursuant to 15 U.S.C. §1692(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §1692(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692(a)(3) from each and every Defendant herein.

## COUNT II.

## INVASION OF PRIVACY

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The Defendants undertook and or directed a series of communications to the home and work place of the Plaintiff constituting an invasion of privacy, as set out and described in the common law of the State of Alabama. Said communications were systematic and continuous in number and made in disregard for the Plaintiff's right to privacy. Said communications were made to force, coerce, harass, embarrass and/or humiliate the Plaintiff into paying a debt.

27. Said invasions were intentional, willful, and malicious and violated the Plaintiff's privacy. The Plaintiff avers that the communications were made by various individuals who were employees of and acting on behalf of the named Defendant.

28. As a result of such invasions of the right of privacy, Plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial from each and every Defendant.

## COUNT III.

## NEGLIGENT, RECKLESS AND WANTON TRAINING AND SUPERVISION

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The Defendants knew or should have known of the conduct set forth herein which was directed at or visited upon the Plaintiff.

31. The Defendants knew or should have known that said conduct was improper.

32. Defendant Franklin negligently, recklessly and wantonly failed to train and supervise debt collectors in order to prevent said improper conduct.

33. Defendant Franklin negligently, recklessly and wantonly failed to train and supervise debt collectors on the FDCPA as it related to communications with consumers.

34. The Defendants' actions constitute negligent, reckless and wanton training and supervision under the common law of the state of Alabama.

35. As a result of the Defendants' negligence, recklessness and wantonness, the Plaintiff suffered actual damages, including but not limited to humiliation, loss of

sleep, anxiety, nervousness, physical sickness, physical and mental suffering and pain and anguish.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against each and every Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §1692 et seq.

1. for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against each and every Defendant and for the Plaintiff;

2. for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for the Plaintiff;

3. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692(a)(3) against each and every Defendant and for the Plaintiff;

### COUNT II.

### INVASION OF THE RIGHT OF PRIVACY

4. for an award of compensatory and punitive damages from each and every Defendant for the physical sickness and emotional distress suffered as a result of FDCPA violations and invasions of the right of privacy in an amount to be determined at trial and for the Plaintiff; and

5. for such and other further relief as may be just and proper.

## COUNT III.

## NEGLIGENT, RECKLESS AND WANTON TRAINING AND SUPERVISON

6. for an award of compensatory and punitive damages from each and every Defendant for the physical sickness and emotional distress suffered as a result of the negligent, reckless and wanton training and supervision of the Defendants at an amount to be determined at trial and for the Plaintiff; and

7. for such and other further relief as may be just and proper.

/s/Ronald C. Sykstus
Ronald C. Sykstus
Attorney for Plaintiff

**OF COUNSEL:**
BOND, BOTES, SYKSTUS, TANNER & EZZELL, P.C.
225 Pratt Avenue
Huntsville, Alabama 35801
Telephone: (256) 539-9899
Direct Voice: (256) 713-0221
Facsimile: (256) 539-9895
Email: rsykstus@bondnbotes.com

/s/Penny Hays Cauley
Penny Hays Cauley
Attorney for Plaintiff

**OF COUNSEL:**
HAYS CAULEY, P.C.
1303 West Evans Street
Florence, South Carolina 29501
Telephone: (843) 665-1717
Facsimile: (843) 665-1718
Email: phc917@hayscauley.com